**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2011

Lyle W. Cayce
Clerk

No. 09-11025
Summary Calendar

DONALD RAY SIMMONS,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-442

Before WIENER, GARZA, , and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Donald Ray Simmons, Texas prisoner # 1302502, was convicted of capital murder and attempted capital murder and was sentenced to concurrent terms of life in prison and 70 years, respectively. The district court dismissed Simmons's 28 U.S.C. § 2254 petition, which included a claim of racially motivated exclusion of an African American juror in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). A judge of this court granted a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability (COA) on whether "the district court erred in upholding the state courts' determination that Simmons had failed to carry his burden of showing that the prosecutor's race-neutral explanations for striking [juror Shirlan] Felder were a pretext for purposeful discrimination, in light of the comparative juror analysis of *Miller-El v. Dretke*, 545 U.S. 231, 240-41 (2005)." Briefing is complete, and the State has supplemented the record with the juror questionnaires.

In light of the COA order, we are concerned here only with the state court's application of the third step of the three-step *Batson* analysis: whether the prosecution's race-neutral reasons were a pretext for discrimination. Simmons contends that the State improperly struck Felder on the basis that she was African American. The State offered the following race-neutral reasons for striking Felder based on her answers to the jury questionnaire: Felder had a sister who was incarcerated; she described her sister's incarceration as an unpleasant experience with police; she appeared to fall asleep at times on both days of voir dire; her son worked at the Tarrant County jail, where many of the State's witnesses were incarcerated; and she was a Seventh Day Adventist, which suggested she might have difficulty sitting in judgment of others. Simmons argued that the State had not exercised strikes against two other venirepersons, Cindy Starrett and Frances Eldridge, who had incarcerated relatives, nor did it do so against other venirepersons with relatives who were jailers; that another venireperson said he might have trouble judging others; and that counsel did not see Felder fall asleep. Finally, Simmons pointed out the State failed to ask Felder a single question. The state trial court denied the *Batson* challenge, and the state appeals court affirmed.

In his brief, Simmons limits his argument primarily to jurors Eldridge and Starrett, arguing that they both had incarcerated relatives, making them similar to Felder. He further contends that Felder's religious affiliation and her son's job as a jailer are merely personal issues that have nothing to do with whether

she would make a good juror. Simmons also complains that the State failed to ask Felder any questions. Finally, Simmons suggests that Tarrant County has a policy of excluding African Americans from juries similar to the policy cited in the *Miller-El* cases.

A federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts given the evidence presented in the state proceedings. 28 U.S.C § 2254(d)(1) & (2); *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011). Further, a state court's factual findings are presumed to be correct unless rebutted "by clear and convincing evidence." § 2254(e)(1). This presumption applies to the state court's factual finding regarding discriminatory intent. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). We review the district court's legal determinations de novo and its findings of fact for clear error, applying the same deference to the state court's decision as the district court. *See Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

In light of the foregoing standard, and after carefully reviewing the state court record, we conclude that the state court decision to credit the prosecution's reasons based on the juror questionnaires was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on a unreasonable determination of the facts in light of the state record. *See Felkner v. Jackson*, __ U.S. __, 131 S. Ct. 1305, 1307 (2011); *Stevens v. Epps*, 618 F.3d 489, 499 (5th Cir. 2010). In addition, Simmons has failed to offer clear and convincing evidence to rebut the conclusion that the reasons for striking Felder were not pretextual. Simmons's assertion regarding a policy of exclusion is pure speculation. He points to no evidence in the state record to support this claim. We thus do not consider it. *See* § 2254(d)(2); *Stevens*, 618 F.3d at 500-01.

AFFIRMED.